IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAAD USMAN LODHI, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-23-1962 |
| KIMBERLY HOBSON, *et al.*, | * | |
| Defendants. | * | |

MEMORANDUM ORDER

On July 21, 2023, Saad Usman Lodhi filed a complaint and a motion to proceed in forma pauperis (ECF 2) and motion requesting records (ECF 3). Lodhi appears indigent, and the motion to proceed in forma pauperis is granted. However, for the following reasons, the complaint is dismissed without prejudice.

Lodhi names four Virginia Department of Corrections officials (Kimberly Hobson, Tremayne Dameron, A. David Robinson, and Harold Clark) as well as two Fairfax County, Virginia police officers (Doug Comfort and John/Jane Doe) as defendants. ECF 1. From what the Court can discern from the complaint, Lodhi alleges that his laptop was improperly confiscated pursuant to a 2013 arrest in Virginia for a written threat to do bodily injury and harm, his various accounts and records at Frostburg State University were breached, and "Directed Energy Weapons" were used to commit these alleged wrongdoings. *See id.* at 2–3, 6–8. He also alleges that the confiscation of his laptop and interference with his records hindered his ongoing medical research. *See id.* at 5–6.

Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the

statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), 1915A(b).

To comply with the Federal Rules of Civil Procedure, the complaint must contain, at a minimum, "a short and plain statement of the claim" that shows that the plaintiff "is entitled to relief," and a request for the relief the plaintiff seeks. Fed. R. Civ. P. 8(a). In his complaint, the plaintiff must name each defendant he is suing. *See* Fed. R. Civ. P. 10(a). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." The complaint cannot simply make conclusory allegations or recite the elements of each cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Complaints drafted by self-represented plaintiffs are liberally construed and held to "less stringent standards" than those drafted by attorneys. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the Court can ignore a clear failure to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

Upon initial review, it is not clear that the complaint states a plausible claim for relief. However, to the extent the complaint does state a claim or potential claim, Lodhi did not file suit in the appropriate venue.

Federal venue laws govern where a plaintiff may bring a lawsuit in federal court. Generally, a plaintiff may file a civil action in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  If venue is not proper, the Court "shall dismiss, or if it be in the interest of justice transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Venue is not proper in this Court.  None of the defendants resides in Maryland and, insofar as the Court can discern the events giving rise to Lodhi's claims, none occurred in Maryland.  Although Lodhi references his accounts and records at Frostburg State University in Maryland, he does not allege that any of the alleged breaches occurred in Maryland.  *See* ECF 1, at 4.  Moreover, because Lodhi's allegations are not stated sufficiently for the Court to recognize his causes of action and they likely would be subject to dismissal for failure to state a claim as written, transfer is not appropriate.  Therefore, the complaint shall be dismissed without prejudice for improper venue.  Lodhi's discovery motion requesting records is denied.

Accordingly, it is this 10th day of August, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Lodhi's motion to proceed in forma pauperis (ECF 2) IS GRANTED;

2. The complaint IS DISMISSED without prejudice for improper venue;

3. Lodhi's motion requesting records (ECF 3) IS DENIED without prejudice;

4. The Clerk SHALL CLOSE this case; and

5. The Clerk SHALL MAIL a copy of this order to Lodhi.

August 10, 2023
Date

Deborah L. Boardman
United States District Judge